ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| VILMARIE DOMÍNGUEZ LOZADA<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CATAÑO<br><br>Peticionario | TA2025CE00801 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: CT2025CV00253<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Compareció el Municipio Autónomo de Cataño (en adelante, "Municipio de Cataño" o "peticionario") mediante el recurso de *certiorari* de epígrafe presentado el 23 de noviembre de 2025. Nos solicitó la revisión de la *Resolución y Orden* emitida el 22 de octubre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro de instancia"). En la aludida resolución, el foro de instancia denegó la solicitud de reconsideración sobre la *Orden* emitida y notificada el 15 de septiembre de 2025. En consecuencia, reiteró su orden al Municipio de Cataño a los fines de que entregara la información solicitada por la Sra. Vilmarie Domínguez Lozada (en adelante, "señora Domínguez Lozada" o "recurrida").

Por los fundamentos expuestos a continuación, se **expide** el auto de *certiorari* y se **revoca** la *Resolución* recurrida.

**-I-**

El 3 de julio de 2025, la señora Domínguez Lozada —quien funge como legisladora municipal— presentó al Municipio de Cataño un *Formulario para solicitar información pública en custodia del Municipio Autónomo de Cataño[1]* y una misiva dirigida al Alcalde del Municipio de Cataño, la cual reza como sigue:

> Estimado Alcalde:
>
> Por este medio y conforme al **derecho constitucional de acceso a la información pública** y en virtud de lo dispuesto en la **Ley Núm. 141-2019 (Ley de Transparencia y Procedimiento expedito para el acceso a la información pública),** le solicito se me provea la siguiente información relacionada con los servicios legales contratados por el Municipio Autónomo de Cataño:
>
> 1- Listado de todos los contratos vigentes y pasados (últimos cinco años) con abogados o firmas legales contratados por el municipio.
>
> 2- Descripción de funciones específicas para cada abogado o firma contratada.[2]

El 30 de julio de 2025, la señora Domínguez Lozada presentó, por derecho propio, un *Recurso especial de revisión judicial para el acceso a información pública* ante el foro de instancia.[3] Alegó que había transcurrido el término dispuesto en la Ley Núm. 141-2019, según enmendada, conocida como *Ley de Transparencia y procedimiento expedito para el acceso a la información pública, infra* (en adelante, "Ley Núm. 141-2019"), sin que el Municipio de Cataño hubiera entregado o facilitado acceso a la información solicitada. Además, solicitó al Municipio de Cataño que le proveyera copia o acceso a la información siguiente: (1) listado de abogados contratados y directo en nómina, (2) descripción de sus funciones y (3) informes de logros.

El 9 de septiembre de 2025, el Municipio de Cataño presentó su *Moción en oposición y en solicitud de desestimación de recurso por*

---

[1] SUMAC-TPI, entrada núm. 1, anejo 3.
[2] *Id.,* entrada núm. 1, anejo 1 (énfasis en el original).
[3] *Id.,* entrada núm. 1.

*no cumplir con los requisitos de la Ley Núm. 141-2019.*[4] Allí informó que el Municipio de Cataño remitió una comunicación escrita a la señora Domínguez Lozada el 31 de julio de 2025, mediante la cual denegó el acceso a la información solicitada, por entender que la solicitud no satisfacía los requisitos ni el ámbito de aplicación de la Ley Núm. 141-2019, *infra.* Alegó, además, que la solicitud debió canalizarse a través de los procedimiento internos y colegiados de la Legislatura Municipal de Cataño, por tratarse de un requerimiento vinculado al ejercicio de sus funciones oficiales legislativas. Asimismo, sostuvo que la información solicitada no puede considerarse "documento público", por resultar excesivamente amplia e inespecífica. A su vez, enfatizó que la solicitud excede el alcance de la Ley Núm. 141-2019, en la medida en que conllevaría la creación de documentos. Por todo lo cual, argumentó que procedía la desestimación del recurso especial.

El 15 de septiembre de 2025, la señora Domínguez Lozada presentó *Moción en oposición a la solicitud de desestimación y reiteración de derecho a la información pública.*[5] Adujo que su solicitud de información fue presentada a título personal, como ciudadana, al amparo del derecho que le reconoce la Ley Núm. 141-2019, *infra.* Además, destacó que su cargo público como legisladora municipal no menoscaba ni limita su condición de ciudadana, ni su derecho constitucional de acceso a la información pública. Argumentó que la negativa del Municipio de Cataño a proveer la información solicitada constituye una obstrucción al principio de transparencia. Por lo que solicitó que se denegara la desestimación del recurso y, en su lugar, se ordenara la entrega inmediata de la información pública solicitada.

---

[4] *Id.,* entrada núm. 7.
[5] *Id.,* entrada núm. 9.

Ante esto, el 15 de septiembre de 2025, el foro de instancia emitió y notificó *Orden* en la que determinó como sigue: "No se desestima. Provea la información".[6]

Luego, el 26 de septiembre de 2025, la señora Domínguez Lozada presentó *Moción solicitando cumplimiento de orden, so pena de desacato.*[7] En particular, solicitó al foro de instancia que fijara un término perentorio para el cumplimiento de la orden de proveer la información solicitada e incluyera las advertencias de rigor en caso de incumplimiento.

En desacuerdo, el 29 de septiembre de 2025, el Municipio de Cataño instó *Moción en solicitud de reconsideración.*[8] Alegó que las disposiciones de la Ley Núm. 141-2019 no le aplicaban a la señora Domínguez Lozada, en la medida que esta compareció ante el foro de instancia en su carácter oficial como legisladora municipal sin el aval del cuerpo legislativo y ello constituía una usurpación de los poderes delegados a la Legislatura Municipal de Cataño. Señaló, además, que la solicitud de información de la señora Domínguez Lozada no constituye un "documento público", por ser excesivamente amplia, no definida ni específica, y porque pretende someter al Municipio a crear y preparar reportes o informes con información detallada. Por lo cual, sostuvo que procedía la desestimación del recurso especial, ya que no se cumplen con los requisitos de la Ley Núm. 141-2019.

En contravención, el 9 de octubre de 2025, la señora Domínguez Lozada presentó *Moción en oposición a solicitud de reconsideración y solicitud de cumplimiento de orden.*[9] Alegó que el Municipio de Cataño no hizo planteamientos nuevos en su solicitud de reconsideración, por lo que se trataba de argumentos

---

[6] *Id.,* entrada núm. 10.
[7] *Id.,* entrada núm. 11.
[8] *Id.,* entrada núm. 12.
[9] *Id.,* entrada núm. 13.

previamente resueltos por el foro de instancia. Enfatizó que su solicitud de acceso a información pública la realizó en carácter personal como ciudadana, conforme a la Ley Núm. 141-2019, *infra.* Sobre ello, alegó que la mencionada legislación no exime a los legisladores municipales del ejercicio de su derecho ciudadano a obtener información pública.

Así las cosas, el foro de instancia emitió *Resolución y orden* el 22 de octubre de 2025, notificada al día siguiente, mediante la cual denegó la solicitud de reconsideración y ordenó lo siguiente:

> [...] se concede un término de veinte (20) días laborables contados a partir de la notificación de la presente Resolución y Orden a la parte recurrida, el Municipio Aut[ó]n[o]m[o] de Cataño, para que entregue todos los documentos solicitados en los Anejos 1 y 3 de la Entrada 1 que consiste en proveer un listado de todos los contratos vigentes o pasados otorgados por el Municipio de Cataño para la contratación de servicios legales, ya sea a abogados particulares o firmas legales y la descripción de funciones específicas realizadas por cada uno durante los pasados cinco (5) años. Se apercibe al Municipio de Cataño que de no cumplir con la entrega se aplicarán sanciones económicas.[10]

Inconforme con ello, el 23 de noviembre de 2025, el Municipio de Cataño presentó el recurso de epígrafe[11], en el cual esbozó los señalamientos de error siguientes:

> PRIMER ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO QUE SUSTENTAN LA MOCIÓN EN OPOSICIÓN Y EN SOLICITUD DE DESESTIMACIÓN DE RECURSO POR NO CUMPLIR CON LOS REQUISITOS DE LA LEY NÚM. 141-2019 PRESENTADA POR EL MUNICIPIO AL DENEGAR, MEDIANTE RESOLUCIÓN Y ORDEN, LA DESESTIMACIÓN DEL RECURSO ESPECIAL, A PESAR QUE LA PARTE RECURRENTE-PETICIONADA COMPARECE EN SU CARÁCTER OFICIAL DE LEGISLADORA MUNICIPAL A SOLICITAR INFORMACIÓN A LA RAMA EJECUTIVA INVOCANDO LAS DISPOSICIONES DE LA LEY NÚM. 141-2019 CUANDO ESTO CONSTITUYE UNA USURPACIÓN DE LOS PODERES Y FACULTADES DELEGADOS AL PRESIDENTE DE LA LEGISLATURA MUNICIPAL, VIOLENTA LAS DISPOSICIONES DE LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, EL REGLAMENTO DE LA LEGISLATURA

---

[10] *Id.*, entrada núm. 16, pág. 15.
[11] De conformidad con lo dispuesto en el Artículo 9 de la Ley 141-2019, *infra,* toda expresión judicial al amparo de sus términos que declare con o sin lugar una solicitud de producción de información pública, constituirá una *resolución.* 3 LPRA sec. 9919. A tenor con ello, la Regla 32 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 49, 216 DPR ___ (2025), establece que las resoluciones emitidas por el Tribunal de Primera Instancia son revisables mediante el recurso de *Certiorari.*

MUNICIPAL DE CATAÑO Y LA SEPARACIÓN DE PODERES DISPUESTA EN LA CONSTITUCIÓN DE PUERTO RICO.

SEGUNDO ERROR: ERRÓ EL TPI EN LA APRECIACIÓN DE LOS HECHOS Y EL DERECHO AL DICTAR UNA RESOLUCIÓN Y ORDEN DENEGANDO LA DESESTIMACIÓN DEL RECURSO ESPECIAL PRESENTADO POR LA PARTE RECURRENTE TODA VEZ QUE LA SOLICITUD DE INFORMACIÓN NO CUMPLE CON LOS REQUISITOS DE LA LEY NÚM. 141-2019 NI CONSTITUYE UN "DOCUMENTO PÚBLICO" SEGÚN DEFINIDO EN LA LEY NÚM. 107-2020, SEGÚN ENMENDADA, CONOCIDA COMO CÓDIGO MUNICIPAL DE PUERTO RICO, NI EN LA LEY NÚM. 107-2025, CONOCIDA COMO LEY DE ADMINISTRACIÓN Y CONSERVACIÓN DE DOCUMENTOS PÚBLICOS PARA EL SIGLO XXI POR CONSTITUIR UNA INTERPELACIÓN.[12]

Por su parte, el 9 de diciembre de 2025, la señora Domínguez Lozada instó *Escrito en cumplimiento de orden*.[13]

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Derecho al acceso a la información pública**

En nuestro ordenamiento jurídico es harto conocido que desde *Soto v. Srio. de Justicia*, 112 DPR 477 (1982) se reconoció el derecho de los ciudadanos a tener acceso a la información pública como un derecho fundamental de estirpe constitucional y como parte vital de la fiscalización de la función pública. *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, 203 (2021); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 80 (2017). Ello, al amparo de los derechos de libertad de expresión, prensa y asociación. Art. II, Sec. 4, Const. PR, LPRA, Tomo 1; *Soto v. Srio. de Justicia*, supra, pág. 485. Así pues, el derecho al acceso a la información pública, más allá de permitir la fiscalización de la función pública, promueve tanto la participación ciudadana en los procesos gubernamentales como la transparencia y la sana administración pública. *Kilómetro 0 v.*

---

[12] SUMAC-TA, entrada núm. 1, págs. 20-21.
[13] *Id.*, entrada núm. 6.

*Pesquera López et al.*, supra, pág. 208; *Bhatia Gautier v. Gobernador*, supra, págs. 80-81.

Además, por la vía estatutaria, se estableció que "[t]odo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley". Artículo 409 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 1781. Asimismo, en el ámbito municipal se reafirmó este mandato al disponer que "[c]ualquier persona podrá solicitar que se le permita inspeccionar, copiar, fotocopiar u obtener copias certificadas de cualquier documento público de naturaleza municipal, salvo que expresamente se disponga lo contrario por cualquier ley al efecto". Artículo 2.015 del Código Municipal de Puerto Rico, 31 LPRA sec. 7175. Esto es, se requiere que el documento al que se pretende acceder posea, en efecto, carácter público. *Kilómetro 0 v. Pesquera López et al.*, supra, pág. 208; *Bhatia Gautier v. Gobernador*, supra, pág. 81.

El Artículo 3 de la hoy derogada Ley Núm. 5 del 8 de diciembre de 1955, conocida como *Ley de Administración de Documentos Público de Puerto Rico*, 3 LPRA sec. 1001(b), definía el término de "documento público" como sigue:

> Es todo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en el Artículo 4 de esta ley (3 L.P.R.A. § 1002) se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos.

Dicha disposición fue derogada por la Ley Núm. 107-2025, conocida como *Ley de Administración y Conservación de Documentos Públicos para el Siglo XXI*, la cual en su Artículo 3 establece una nueva definición de "documento público", en los términos siguientes:

> Se refiere a todo documento que se origina, conserve o reciba en cualquier dependencia del Gobierno de acuerdo con la ley o en relación con el manejo de los asuntos públicos, incluyendo las publicaciones generadas por las dependencias gubernamentales, y que se tenga que conservar permanente o temporalmente como prueba de las transacciones por su utilidad administrativa, valor legal, fiscal, cultural o informativo, según sea el caso, o que se vaya a destruir por no tener valor permanente ni utilidad administrativa, legal, fiscal, cultural o informativa. Incluye aquellos producidos de forma electrónica o digital que cumplan con los requisitos establecidos por las leyes y reglamentos.

De igual forma, el Artículo 2.015 del Código Municipal de Puerto Rico, *supra,* define el concepto de "documento público" como sigue:

> […] cualquier escrito, impreso, papel, libro, folleto, fotografía, fotocopia, película, microficha, cinta magnetofónica, mapa, dibujo, plano, cinta, disco compacto o cualquier otro material leído por máquina e informativo, sin importar su forma o características físicas y que se origine, se reciba o se conserve en cualquier unidad administrativa, dependencia u oficina del municipio de acuerdo con este Código; y cualquier escrito que se origine en otra agencia del Gobierno estatal o del Gobierno federal o que se origine por cualquier persona privada, natural o jurídica, en el curso ordinario de transacciones con el municipio y se conserven permanente o temporalmente en cualesquiera unidades administrativas, oficinas o dependencias del municipio por su utilidad administrativa, valor legal, fiscal, histórico o cultural.

Por tanto, vale señalar que todo ciudadano tiene legitimación activa para solicitar y acceder aquella información que sea considerada "documento público", según definido por los estatutos previos. *Engineering Services v. AEE,* 205 DPR 136, 147 (2020). Así pues, todo "documento público" solicitado a tenor con las disposiciones legales aplicables deber ser entregado, salvo que el Estado alegue confidencialidad de información pública con prueba precisa e inequívoca sobre alguna de las excepciones siguientes:

> (1) una ley así lo declara; (2) la comunicación está protegida por algún privilegio evidenciario; (3) la divulgación de la información puede lesionar derechos fundamentales de terceros; (4) se trate de un confidente, según la Regla 515 de Evidencia de 2009 (32 LPRA Ap. VI), o (5) sea información oficial conforme a la Regla 514 de Evidencia de 2009 (32 LPRA Ap. VI).

*Id., pág. 148* citando a *Santiago v. Bobb y El Mundo, Inc.,* 117 DPR 153, 159 (1986).

Lo que significa que el Estado no puede negarse a divulgar información mediante meras generalidades, sino que debe fundamentar y justificar debidamente su determinación. *Kilómetro 0 v. Pesquera López et al.*, supra, pág. 210. Considerando lo anterior, los tribunales deben ser "cautelosos en conceder livianamente cualquier pedido de confidencialidad del Estado". *Id.*, citando a *Santiago v. Bobb y El Mundo, Inc.*, supra.

**C. Ley Núm. 141-2019**

La Ley Núm. 141-2019, según enmendada, conocida como *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, 3 LPRA sec. 9911 (en adelante, "Ley Núm. 141-2019") tiene el propósito de establecer un procedimiento uniforme para obtener la información pública que se genera o custodia en las entidades gubernamentales de forma sencilla, ágil y económica. Véase, Exposición de Motivos de la Ley Núm. 141-2019, *supra.* La aplicabilidad del precitado estatuto se extiende al Gobierno de Puerto Rico, entendido como la Rama Legislativa, Rama Judicial y Rama Ejecutiva, así como a todas sus entidades gubernamentales, corporaciones públicas y municipios. Artículo 2 de la Ley Núm. 141-2019, 3 LPRA sec. 9912. De igual forma, resulta aplicable a terceros custodios de información o documentos públicos. *Id.*

En particular, el Artículo 3 de la Ley Núm. 141-2019, 3 LPRA sec. 9913, establece de la política pública del Estado respecto al acceso a la información pública de los términos siguientes:

1) La información y documentación que produce el gobierno se presume pública y accesible a todas las personas por igual.

2) La información y documentación que produce el gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.

3) El derecho constitucional de acceso a la información requiere la transparencia gubernamental.

4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se

encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.

5) El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

6) El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

7) Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.

8) El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros.

Con el fin de cumplir con ese mandato, el Artículo 6 de este estatuto, 3 LPRA sec. 9916, dispone que "[c]ualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico". Además, la disposición detalla los requisitos que debe satisfacer la solicitud, entre ellos: (1) ser notificada al jefe o director de la entidad gubernamental con copia al Oficial de Información; (2) incluir, al menos, una dirección postal o de correo electrónico para recibir notificaciones; y (3) describir la información que solicita. *Id.*

Asimismo, el Artículo 7 de la Ley Núm. 141-2019 establece que, una vez se solicita la información, la entidad gubernamental debe producir la misma en un término no mayor de 10 días laborables, contados a partir de la fecha en que se envió la solicitud. Sin embargo, esta disposición fue enmendada con la Ley Núm. 156-2025, la cual modificó el Artículo 7 para disponer que la entidad gubernamental deberá producir la información solicitada dentro de los términos siguientes: (i) 20 días laborables, cuando el documento o expediente solicitado no exceda de 300 folios o tenga menos de 3 años de antigüedad; y (ii) 30 días laborables, cuando el documento o expediente solicitado excede de 300 folios o tenga más de 3 años de antigüedad. 3 LPRA sec. 9917. En ambos casos, la Ley Núm. 141-

2019 dispone que, si la entidad gubernamental en cuestión no contesta dentro de los términos establecidos, se entenderá que ha denegado la solicitud. *Id.* Dicho esto, la referida legislación exige que, en caso de denegatoria, la entidad gubernamental especifique por escrito los fundamentos jurídicos que sustentan su determinación. *Id.*

Ahora bien, el Artículo 9 de la Ley Núm. 141-2019, 3 LPRA sec. 9919, dispone que, en caso de que la entidad gubernamental deniegue la información solicitada o no la entregue dentro del término establecido, el solicitante podrá presentar —por derecho propio o mediante representación legal— un recurso especial de acceso a información pública ante el Tribunal de Primera Instancia.

En cambio, el Artículo 8 de la Ley Núm. 141-2019, 3 LPRA sec. 9918, establece que, si la entidad gubernamental concede acceso a la información solicitada, ello conllevará el pago de derechos y cargos razonables por la expedición de copias simples o certificadas, así como por grabaciones y reproducciones. Sin embargo, la precitada disposición enfatiza que "[n]inguna entidad [gubernamental] podrá ser obligada a generar o elaborar un documento que no exista al momento de presentarse la solicitud". *Id.* Tal precepto es consistente con la legislación federal conocida como *Freedom of Information Act* ("FOIA", por sus siglas en inglés), 5 USCA sec. 552 *et seq.*, la cual garantiza el acceso a la información pública de las agencias federales. En relación con este estatuto, nuestro Tribunal Supremo ha reconocido que, por tener propósitos similares a los de la Ley Núm. 141-2019, posee un alto valor ilustrativo. *López Vives v. Policía de PR*, 118 DPR 219, 228 (1987).

En ese contexto, ni la Ley Núm. 141-2019 ni el FOIA imponen al Estado el deber de crear documentos específicamente para atender o responder solicitudes particulares, ni de producir información abstracta, sino que su obligación se circunscribe a

facilitar acceso a aquellos documentos que ya obran bajo la custodia de las entidades gubernamentales. Véase, *US Department of Justice v. Tax Analysts*, 492 US 136, 144-146 (1989)[14]; *Forsham v. Harris*, 445 US 169 (1980)[15].

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el caso de epígrafe, el peticionario esbozó dos (2) señalamientos de error, los cuales se atenderán de manera individual. En el primer señalamiento de error, el Municipio de Cataño alegó que el foro de instancia erró al denegar la desestimación del *Recurso especial de revisión judicial para el acceso a información pública*, toda vez que la señora Domínguez Lozada compareció en su calidad oficial de legisladora municipal violentando el proceso reglamentario de le Legislatura Municipal. No le asiste la razón.

Explicamos en el acápite II de esta *Sentencia* que, la Ley Núm. 141-2019 permite que **cualquier persona solicite información pública al Gobierno de Puerto Rico, incluyendo a los Municipios**, entre otras entidades gubernamentales. 3 LPRA sec. 9916. Ello, tiene el propósito de poner en vigor el mandato constitucional que garantiza el derecho de los ciudadanos a tener acceso a la información pública. *Soto v. Srio. de Justicia*, supra. Dicho derecho

---

[14] "[...] the FOIA applies to records which have been *in fact* obtained, and not to records which merely *could have been* obtained. [...] The legislative history of the FOIA abounds with ... references to records *acquired* by an agency". [...] the requirement that the materials be in the agency's control at the time the request is made [...] the FOIA does not cover "information in the abstract" [...]".

[15] La Corte Suprema de Estados Unidos confirmó a *Forsham v. Califano*, 587 F.2d 1128 (D.C. Cir. 1978), mediante la cual la Corte de Apelaciones de Estados Unidos para el Circuito de Columbia resolvió que la obtención o creación por parte de una agencia de un expediente era un requisito previo para que el público pudiera tener acceso a dicha información. ("The Freedom of Information Act only gives a right of access to agency records in existence. It does not confer a right to have the government generate agency records, either by creation, subpoena or contract demand." *Id.*, pág. 1136.)

permite la fiscalización de la función pública y promueve la participación ciudadana. *Kilómetro 0 v. Pesquera López et al.*, supra, pág. 208. Previo a la aprobación de la Ley Núm. 141-2019, el Tribunal Supremo examinó en el caso *Bhatia Gautier v. Gobernador*, supra, pág. 80, una controversia similar relacionada con un senador, en el cual explicó lo siguiente:

> [...] nada impide que un senador, amparado en su derecho constitucional al acceso a la información, *procure información pública directamente* de algún funcionario o entidad gubernamental. No obstante, al así hacerlo, no podrá contar con el beneficio del trámite provisto para compeler la producción de la información solicitada, según dispuesto en el Reglamento del Senado. Si le interesa hacer valer su requerimiento, la parte que promueve tendrá que gestionar el correspondiente mandato judicial por su cuenta.

En esencia, el Alto Foro reconoció que los legisladores pueden obtener información pública para ejercer sus funciones constituciones de legislación y fiscalización mediante dos vías, a saber: (i) siguiendo el procedimiento reglamentario del cuerpo legislativo correspondiente o (ii) acudir directa e individualmente al foro judicial. En otras palabras, resolvió que los legisladores poseen legitimación activa para acudir a los tribunales, incluso en su capacidad individual, con el propósito de vindicar su derecho constitucional de acceso a información pública necesaria para el ejercicio efectivo de sus funciones legislativas y fiscalizadoras. Advirtió, además, que aquel legislador que opte por solicitar información pública directamente y por cuenta propia al amparo de su derecho constitucional, no tiene que agotar el trámite parlamentario antes de acudir al foro judicial.

Consta en el expediente que, la señora Domínguez Lozada —quien funge como legisladora municipal de Cataño— solicitó cierta información al municipio en cuestión. Sin embargo, transcurrido el término de ley sin que el Municipio de Cataño hubiera entregado o facilitado acceso a la información solicitada, instó *Recurso especial de revisión judicial para el acceso a información pública* ante el foro

de instancia al amparo de la Ley Núm. 141-2019, *supra.* Nótese que, tanto la solicitud presentada directamente al Municipio de Cataño como el recurso judicial constituyen un reclamo individual de la señora Domínguez Lozada, fundamentado en su derecho constitucional de acceso a la información pública para fiscalizar la función pública municipal, tal como podría hacerlo cualquier otro ciudadano. Considerando tales circunstancias, concluimos que las disposiciones de la Ley Núm. 141-2019 le son aplicables a la señora Domínguez Lozada. En consecuencia, entendemos que no era necesario que esta contara con el aval del cuerpo legislativo municipal de Cataño para ejercer la acción correspondiente. Así pues, resolvemos que no se violó el procedimiento reglamentario de la Legislatura Municipal de Cataño ni se configuró una usurpación de los poderes delegados a dicho cuerpo legislativo. Véase, *Bhatia Gautier v. Gobernador*, supra.

Pasamos a atender el segundo señalamiento de error. El peticionario alegó que el foro de instancia erró al denegar la desestimación del *Recurso especial de revisión judicial para el acceso a información pública*, toda vez que la información solicitada no cumplía con los requisitos de la Ley Núm. 141-2019 ni constituía un "documento público", según definido por legislación.

Ciertamente, establecimos en el derecho aplicable que, toda persona tiene derecho a solicitar y acceder aquella información pública considerada "documento público". *Engineering Services v. AEE,* supra. En relación con el concepto de "documento público", distintas legislaciones coinciden en que se trata de todo documento que se origine, conserve o reciba en cualquier dependencia del Gobierno de Puerto Rico, incluyendo los municipios, ya sea de forma permanente o temporal, por su utilidad administrativa, legal, fiscal, histórica o cultural. Véase, Artículo 3 de la derogada Ley Núm. 5-1955, *supra*; Artículo 3 de nueva Ley Núm. 107-2025, *supra*; y el

Artículo 2.015 del Código Municipal de Puerto Rico, *supra.* Cónsono con ello, la Ley Núm. 141-2019 dispone como parte de la política pública la presuncion de carácter público de toda información o documento generado, conservado o recibido por una dependencia gubernamental, el cual debe ser accesible tanto al Pueblo como a la prensa. Véase, Artículo 3 - inciso 4 de la Ley Núm. 141-2019, *supra.*

Ahora bien, una vez se solicita la información pública conforme a la Ley Núm. 141-2019, la entidad gubernamental correspondiente puede optar por denegar o conceder el acceso a esta. En cuanto a la entrega de la información pública, la Ley Núm. 141-2019 dispone que esta estará sujeta a que (i) se trate de un documento público; (ii) exista con anterioridad a la solicitud; y (iii) se satisfagan los pagos correspondientes por la expedición de copias simples o certificadas. Véase, el Artículo 8 de la Ley Núm. 141-2019, *supra.* Esto es, adviértase que la Ley Núm. 141-2019 no obliga a ninguna entidad gubernamental a crear documentos para atender o responder una solicitud de información. *Id.;* véase, además, *FOIA, supra; US Department of Justice v. Tax Analysts*, supra; *Forsham v. Harris*, supra.

Obsérvese que, al amparo de la Ley Núm. 141-2019, la señora Domínguez Lozada solicitó directamente al Municipio de Cataño la información siguiente: (i) listados de los contratos vigentes y pasados suscritos con abogados o firmas legales durante los últimos 5 años; y (ii) la descripción de funciones específicas desempañadas por dichos abogados o firmas legales. Sin embargo, transcurrido el término de ley sin que el Municipio de Cataño entregara la información solicitada, la señora Domínguez Lozada instó un recurso especial ante el foro de instancia mediante el cual solicitó: (1) listado de abogados contratados y directo en nómina, (2) descripción de sus funciones y (3) informes de logros. En esencia, reiteró su solicitud previa y añadió por primera vez el requerimiento

de "informe de logros" de los abogados o firmas legales contratados por el Municipio de Cataño. Por su parte, el Municipio de Cataño sostuvo que dichas solicitudes requerían la preparación de documentos y la asignación de recursos humanos y económicos, ya que la información solicitada no se encontraba almacenada en la forma en que fue requerida y, por consiguiente, no podía producirse para su entrega. Véase, SUMAC-TPI, entrada núm. 7, pág. 2; SUMAC-TPI, entrada núm. 12, pág. 2; SUMAC-TA, entrada núm. 1, págs. 30-31 y 33. Además, alegó que no existía obligación alguna de mantener esa información previamente preparada. *Id.* A pesar de ello, el foro de instancia determinó que procedía ordenar al Municipio de Cataño la entrega de un listado de todos los contratos vigentes y pasados otorgados a abogados particulares o firmas legales, así como la descripción de las funciones específicas desempeñadas por estos durante los últimos 5 años.

Nótese que, al atender el recurso especial, el foro de instancia no se expresó sobre el requerimiento relacionado con los "informes de logros" de los abogados o firmas legales contratadas por el Municipio de Cataño. Esto es, dicho foro no concedió acceso a esa información ni emitió determinación alguna al respecto. Aun cuando entendemos que el foro de instancia debió atenderlo expresamente, concluimos que actuó de forma correcta al no conceder el acceso a este requerimiento, toda vez que este no fue presentado inicialmente ante el Municipio de Cataño. Asimismo, coincidimos con dicho proceder, ya que el requerimiento relacionado con los "informes de logros" suponía la creación o elaboración de un documento por parte del Municipio de Cataño para atender la solicitud de la señora Domínguez Lozada. 3 LPRA sec. 9918. Es decir, que la información solicitada no constituía un documento público previamente existente y conservado por el Municipio de Cataño con anterioridad a la solicitud. Concluir lo contrario supondría contravenir con la Ley

Núm. 141-2019, la cual no obliga a ninguna entidad gubernamental —incluidos los municipios— a crear o producir documentos para atender las solicitudes de acceso a información pública. *Id.*

Colegimos que igual conclusión debe aplicarse tanto al requerimiento relacionado con el listado de contratos vigentes o pasados suscritos con abogados o firmas legales, como al requerimiento de las descripciones de sus funciones. Nótese que la solicitud no consiste en la reproducción de copias de los contratos, sino en la "creación" de un listado que identifique todos los contratos otorgados con abogados o firmas legales durante los últimos 5 años y detalle las funciones desempeñadas por estos. Si bien la señora Domínguez Lozada tiene derecho a acceder a información pública del Municipio de Cataño, la solicitud tal cual fue presentada requería la elaboración de documentos, cosa a la cual no se extiende la Ley Núm. 141-2019. Véase, 3 LPRA sec. 9918. Así pues, concluimos que erró el foro de instancia al ordenar el acceso a la información solicitada.

**-IV-**

Por los fundamentos expuestos previamente, se **expide** el auto de *certiorari* y se **revoca** la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones